**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMANDEEP KAUR, et al. | No. 10-71853 |
| Petitioners, | Agency Nos.    A098-837-737 |
| v. | A098-837-738 |
| | A098-837-739 |
| ERIC H. HOLDER, JR., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2014[**]
San Francisco, California

Before:  GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Petitioner Amandeep Kaur, along with her husband and son as derivative

applicants, petition for review of the Board of Immigration Appeals' ("BIA")

decision affirming the immigration judge's ("IJ") denial of their application for

asylum and withholding of removal, and their request for relief under Article 3 of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the United Nations Convention Against Torture ("CAT"). We have jurisdiction

pursuant to 8 U.S.C. § 1252. Because substantial evidence supports the BIA and

IJ's adverse credibility determination, we deny the petition. *See Jie Cui v. Holder*,

712 F.3d 1332, 1336 (9th Cir. 2013).

**1.**     The BIA permissibly relied on the IJ's findings related to Kaur's demeanor

as a basis for the adverse credibility determination. *See* 8 U.S.C. §

1158(b)(1)(B)(iii) (establishing that an IJ may "base a credibility determination on

the demeanor . . . of the applicant"); *Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir.

2010) (explaining that where the BIA defers "to the IJ's demeanor determination,

we . . . look to the IJ's decision as a guide to what lay behind the BIA's

conclusion" (internal quotation marks and alterations omitted)). A credibility

determination based on demeanor deserves "special deference" because the "IJ has

an opportunity to make a first-person evaluation of all of the subtly conveyed

factors that, together, can be evidence of a petitioner's credibility." *Jibril v.

Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005). Here, the IJ explained that she

doubted Kaur's testimony, in part, "because of her demeanor that was not

evidencing conviction in her own statement." The IJ also stated that, when

confronted with a particular discrepancy in her story, Kaur became "evasive and

defensive." These statements illustrate that, as required, the IJ "specifically and

cogently refer[red]" to the aspects of Kaur's demeanor that undermined her credibility. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003).

**2.** The BIA also permissibly relied upon inconsistencies and irregularities surrounding a letter of support from the president of the Gur Aasra Trust, the Sikh organization with which Kaur was purportedly associated. When confronted with the discrepancies in the letter, neither Kaur nor her counsel offered an explanation. Instead, Kaur steadfastly disavowed the letter and denied having knowledge of how it entered the record. Although the discrepancy in spelling of the president's name may be, without more, an "utterly trivial inconsistency" attributable to difficulties in Punjabi-to-English translation, the "total circumstances" surrounding the letter allowed the IJ to draw an adverse inference as to Kaur's veracity. *See Shrestha v. Holder*, 590 F.3d 1034, 1043-44 (9th Cir. 2010).

**PETITION DENIED.**